# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

RONALD J. SALLEE,

    Petitioner,

v.

RON DAVIS, Warden,

    Respondent.

NO. CV 17-9242-KS

**MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

On December 27, 2017, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) On February 5, 2018, Respondent was ordered to file a response to the Petition. (Dkt. No. 3.) Both parties consented pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b) to have the undersigned United States Magistrate Judge preside over this matter. (Dkt. Nos. 5, 10, 13.) On May 30, 2018, Respondent filed an Answer to the Petition and lodged with the Court the relevant state court records. (Dkt. Nos. 11, 12.) On June 20, 2018, Respondent filed a Supplemental Notice of Lodging. (Dkt. No. 14.) Petitioner did not file a Reply to the

Answer. Briefing in this action is now complete, and the matter is under submission to the Court for decision without oral argument.

**PRIOR PROCEEDINGS[1]**

On August 28, 2002, a Los Angeles County Superior Court jury convicted Petitioner of first-degree Robbery (California Penal Code ("Penal Code") § 211) and first-degree Burglary (Penal Code § 459). (Lodgment ("Lodg.") No. 1 at 140-41.) The jury also found true the allegation that the victim was over sixty-five years of age (Penal Code § 667.9(a)) as to both counts. (*Id.*) Petitioner was also charged with having six prior strike convictions. (Lodg. No. 1 at 32.) Petitioner waived a jury trial on his prior convictions and the trial court ordered the trial on the prior convictions bifurcated from the trial on the charges. (Lodg. No. 1 at 71.) The trial court found three of the prior convictions charged to be true. (*See* Lodg. No. 1 at 210; 2 Reporter's Transcript ("RT") 235.) On December 4, 2002, the trial court sentenced Petitioner to 25 years to life for the first-degree Robbery charge with three five-year sentence enhancements for the three prior strike convictions and a one-year sentence enhancement for the elder abuse allegation, for a total of 41 years to life. (*See* Lodg. No. 1 at 210; 2 RT 246.) The trial court stayed the sentence for the first-degree Burglary charge. (*See* Lodg. No. 1 at 210; 2 RT 247.)

Petitioner appealed. (*See* Lodg. No. 3.) On January 27, 2004, the California Court of Appeal affirmed the judgment of conviction and the sentence in a reasoned unpublished opinion. (Lodg. No. 3.)[2] Petitioner then filed a Petition for Review in the California

---

[1] Petitioner did not challenge his conviction, only the sentencing. Therefore, the Court has not recited here the underlying facts leading to his conviction at trial, but for clarity, the Court provides the procedural background regarding Petitioner's state court challenges to his sentence.

[2] *See also The People v. Ronald James Sallee*, No. B163440, 2004 WL 119440 (Cal. Ct. App. Jan. 27, 2004).

2

Supreme Court, which summarily denied the petition without comment or citation of authority on April 14, 2004. (Lodg. No. 4.)

In July 2014, Petitioner filed a habeas petition in the Superior Court of California in the County of Los Angeles. (Lodg. No. 17.) The Los Angeles County Superior Court denied the petition on August 4, 2014 because the issues presented could have or should have been raised on direct appeal. (Lodg. No. 18.) On September 5, 2014, Petitioner filed a habeas petition in the California Court of Appeal. (Lodg. No. 5.) Respondent filed an informal response stating Petitioner was "entitled to habeas relief… and that the matter should be remanded for resentencing." (Lodg. No. 6.) The California Court of Appeal remanded the case for resentencing. (Lodg. No. 7.) On May 12, 2015, the trial court held the resentencing hearing during which Petitioner was present and represented by counsel. (Lodg. No. 8 at 5.) The trial court reduced Petitioner's sentence by ten years finding two of the three prior strike conviction sentence enhancements were improperly imposed since all three convictions were charged together and resulted in "one commitment." (Lodg. No. 8 at 5-7.)

On March 21, 2016, Petitioner, represented by counsel, appealed the resentencing by filing a brief pursuant to *People v. Wende*, 25 Cal. 3d 436 (1979) asking the Court of Appeal to review the entire record for any arguable issue. (Lodg. No. 9.) On June 10, 2016, the California Court of Appeal affirmed the judgment in a reasoned unpublished opinion stating no arguable issues remained. (Lodg. No. 10.)[3]

On March 14, 2017, Petitioner filed a second habeas petition in the Los Angeles County Superior Court. (Lodg. No. 11.) On April 24, 2017, the Superior Court denied the petition finding both that Petitioner had failed to show his second petition fit within an

---

[3] *See also The People v. Ronald Sallee*, No. B265700, 2016 WL 3354608 (Cal. Ct. App. June 10, 2016).

exception to the procedural bar against successive writs and that the claims raised failed on the merits. (Lodg. No. 12.) Petitioner appealed to the California Court of Appeal (Lodg. No. 13), which denied the petition on July 7, 2017 in an unreasoned decision without citation of authority (Lodg. No. 14). Petitioner appealed to the California Supreme Court (Lodg. No. 15), which also summarily denied the petition without comment or citation of authority on November 21, 2017. (Lodg. No. 16.)

## PETITIONER'S HABEAS CLAIMS

Petitioner presents the following four grounds for habeas relief.

*Ground One*: "Petitioner's sentence is illegal, as it contravenes California's Three Strikes law, and violates due process pursuant to the 14th Amendment of the U.S. Constitution. Such sentence is also cruel and unusual, in violation of the 8th Amendment to the U.S. Constitution." (Petition at 6; Petition Memorandum ("Petition Mem.") at 15-17.)

*Ground Two*: "Sentencing court lacked jurisdiction to enhance Petitioner's sentence under California's Three Strikes law utilizing one conviction Petitioner suffered in the State of Ohio. The court's use of the Ohio conviction violated the 8th and 14th Amendments to the U.S. Constitution." (Petition at 7; Petition Mem. at 17-19.)

*Ground Three*: "Stand-in resentencing counsel rendered Ineffective Assistance of Counsel to Petitioner at his resentencing hearing in violation of the 6th Amendment to the U.S. Constitution." (Petition at 8; Petition Mem. at 19-22.)

*Ground Four*: "Appellate counsel rendered Ineffective Assistance of Counsel to Petitioner in his appeal matters in violation of the 6th Amendment to the U.S. Constitution." (Petition at 9; Petition Mem. at 22-25.)

4

**STANDARD OF REVIEW**

I.       The Antiterrorism and Effective Death Penalty Act

Under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner whose claim has been "adjudicated on the merits" cannot obtain federal habeas relief unless that adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For the purposes of Section 2254(d), "clearly established Federal law" refers to the Supreme Court holdings in existence at the time of the state court decision in issue. *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011); *see also Kernan v. Cuero*, __ U.S. __, 138 S. Ct. 4, 9 (2017) (per curiam) ("circuit precedent does not constitute clearly established Federal law. . . . [n]or, of course, do state-court decisions, treatises, or law review articles") (citations omitted). "[I]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by" the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citation omitted).

A state court decision is "contrary to" clearly established federal law under § 2254(d)(1) only if there is "a direct and irreconcilable conflict," which occurs when the state court either (1) arrived at a conclusion opposite to the one reached by the Supreme Court on a question of law or (2) confronted a set of facts materially indistinguishable from a relevant Supreme Court decision but reached an opposite result. *Murray v. Schriro*, 745 F.3d 984, 997 (9th Cir. 2014) (citing *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). A state court decision is an "unreasonable application" of clearly established federal law under §

2254(d)(1) if the state court's application of Supreme Court precedent was "objectively unreasonable, not merely wrong." *White v. Woodall*, 572 U.S. 415, 419 (2014) (citation omitted). The petitioner must establish that "there [can] be no 'fairminded disagreement'" that the clearly established rule at issue applies to the facts of the case. *See id.* at 427 (citation omitted). Finally, a state court's decision is based on an unreasonable determination of the facts within the meaning of 28 U.S.C. § 2254(d)(2) when the federal court is "convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record before the state court." *Hurles v. Ryan*, 752 F.3d 768, 778 (9th Cir.) (citation omitted), *cert. denied*, 135 S. Ct. 710 (2014). So long as "'[r]easonable minds reviewing the record might disagree,'" the state court's determination of the facts is not unreasonable. *See Brumfield v. Cain*, ___ U.S. ___, 135 S. Ct. 2269, 2277 (2015) (citations omitted).

AEDPA thus "erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *White v. Wheeler*, __ U.S. __, 136 S. Ct. 456, 460 (2015) (per curiam) (citation omitted). Petitioner has the burden of proof. *See Pinholster*, 563 U.S. at 181 (citation omitted).

**II.     Grounds One and Two Are Reviewed De Novo**

Petitioner presented all four of his claims in a second state habeas petition to the California Los Angeles County Superior Court. (Petition at 3-4; Lodg. No. 11 at 3-6.) Although the Superior Court rejected all of the claims in a reasoned decision, it rejected Grounds One and Two on the basis that they are procedurally barred because the claims should have been brought in his first habeas petition and he failed to allege facts that would satisfy an exception to the rule. (Lodg. No. 12 at 2.) Notwithstanding an asserted state procedural bar, a federal habeas court may review and deny a federal habeas claim on the merits. *See e.g., Lambrix v. Singletary,* 520 U.S. 518, 523-25 (1997) (judicial economy may

6

counsel considering the merits of a claim first before addressing procedural bar issue); *Flournoy v. Small,* 681 F.3d 1000, 1004 n.1 (9th Cir. 2012) ("While we ordinarily resolve the issue of procedural bar prior to any consideration of the merits on habeas review, we are not required to do so when a petition clearly fails on the merits."); *Franklin v. Johnson,* 290 F.3d 1223, 1232 (9th Cir. 2002) ("[C]ourts are empowered to, and in some cases should, reach the merits of habeas petitions if they are . . . clearly not meritorious despite an asserted procedural bar."). Consequently, the Court exercises its discretion to review Grounds One and Two *de novo*. *See Runningeagle v. Ryan*, 825 F.3d 970, 978 (9th Cir. 2016) ("Any federally reviewable claim that was not adjudicated on the merits in state court is reviewed de novo.")

**III. Grounds Three and Four Are Subject to AEDPA Review**

Grounds Three and Four, although related to Grounds One and Two, are independent claims for federal habeas relief. (*See* Petition at 19-25.) The California Superior Court rejected the claims in Grounds Three and Four in a reasoned merits decision. (Lodg. No. 12 at 2.) Both the California Court of Appeal and the California Supreme Court denied the Petition summarily without comment or citation to authority. (Lodg. Nos. 14, 16.)

Thus, § 2254(d) applies to Grounds Three and Four, and the Court looks through the California Supreme Court's silent denial to the last reasoned decision – the decision of the California Superior Court – to determine whether the state court's adjudication of Petitioner's claims in Grounds Three and Four is objectively unreasonable or contrary to clearly established federal law. *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

//
//
//
//

7

**DISCUSSION**

I. **Habeas Review Is Precluded For Petitioner's Sentencing Error Claims In Grounds One And Two Because They Are Not Cognizable in Federal Habeas**

The United States Supreme Court has long emphasized that "federal habeas corpus relief does not lie for errors of states law." *Estelle v McGuire*, 502 U.S. 62, 67 (1991); *and see Swarthout v. Cooke*, 562 U.S. 216, 222 (2011). Whether a prior conviction qualifies for a sentence enhancement under California law is a question of state law not cognizable on federal habeas review. *See Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (federal habeas relief "is unavailable for alleged error in the interpretation or application of state law"), *cert. denied*, 478 U.S. 1021 (1986). Moreover, federal habeas relief for a state sentencing error "is limited, at most, to determining whether the state court's finding was so arbitrary or capricious as to constitute an independent due process . . . violation." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (citation omitted).

Here, Petitioner alleges in Ground One that the California trial court erred in counting his prior convictions in Ohio for robbery and burglary for purposes of sentence enhancement because his sentence violates California's Three Strikes Law. (Petition Mem. at 13-17; *see* Ex. 3A.) In Ground Two, he contends the sentencing court lacked jurisdiction to enhance his sentence under the Three Strikes Law using a conviction he suffered in Ohio. (*Id.*) As noted, on September 5, 2014, Petitioner filed a habeas corpus petition in the California Court of Appeal challenging the trial court's imposition of three § 667(a)(1) enhancements on the ground that the three prior convictions supporting the enhancements all arose from a single Ohio prosecution and, as a result, the sentence imposed by the trial court "exceeded that provided by law." (Lodg. No. 5.) On January 15, 2015, the California Court of Appeal granted that petition and remanded the matter to the trial court for resentencing. (Lodg. No.

7.) In accordance with the Court of Appeal order, on May 12, 2015, the trial court resentenced Petitioner, imposing only one of the three California Penal Code § 667(a)(1) enhancements, for a total term of 31 years to life. (Lodg. No. 10.) Petitioner again appealed, but his appointed counsel filed an opening brief in which he represented that no arguable issues existed, and the California appellate court affirmed the judgment entered after resentencing. (*Id.*).

In March 2017, Petitioner next challenged the 31 years to life sentence in a habeas petition to the Superior Court of California, Los Angeles County, and argued that the California court lacked jurisdiction to enhance his sentence using the out-of-state convictions. (Lodg. No. 10.) In a three-page minute order, the Superior Court concluded that, assuming the claims were not procedurally barred, the petition "must be denied on its merits" because "[o]ffenses committed in other states have been held to be strikes in California if the crimes would be strikes under California law pursuant to [California] Penal Code section 667(d)(2), and Penal Code section 1170.12(b)(2)." (Lodg. No. 12.) The Superior Court went on to emphasize that Petitioner himself did not dispute that at least two of the crimes for which he was convicted in Ohio "would be strikes under California law to justify a sentence of 25 years to life in the instant case." (*Id.*) Petitioner then presented both these claims to the California Court of Appeals and California Supreme Court in habeas petitions (Lodg. Nos. 13, 15), which were both summarily denied (*see* Lodg. Nos. 14, 16).

After a thorough review of the record, it is clear that Petitioner's claims in Grounds One and Two raise solely issues of California state law that are not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. at 67. Further, there is nothing to suggest that the state court's finding "was so arbitrary or capricious as to constitute an independent due process . . . violation." *Lewis v. Jeffers*, 497 U.S. at 780. Finally, while Plaintiff includes conclusory assertions in Grounds One and Two that his due process rights were violated under the Fourteenth and Eighth Amendments, it is well settled that the mere

invocation of due process does not meet "the minimum requirement that it must be clear that a *federal* claim was presented." *See Adams v. Robertson*, 520 U.S. 83, 89 n.3 (1997) (emphasis in original).

Accordingly, Grounds One and Two fail on the merits and habeas relief must be denied.

**II.     Grounds Three And Four Fail To Show Petitioner's Counsel Was Ineffective**

Petitioner's claims in Grounds Three and Four allege ineffective assistance of counsel in his resentencing hearing and appeal of the aggregate 31 years to life sentence that he received on resentencing respectively. (Petition at 8-9; Petition Mem. at 19-25.) Petitioner claims his resentencing hearing counsel and appellate counsel were ineffective for failing to raise the arguments he raises in Grounds One and Two of the Petition. (*Id.*) Respondent argues these arguments were meritless, as found by the California Superior Court, and Petitioner's counsels' failure to raise meritless arguments does not satisfy the *Strickland v. Washington*, 466 U.S. 668, 687 (1984) standard. (Answer at 1; Answer Mem. at 13-15.)

It is well settled that the *Strickland* standard applies at trial, at sentencing, and on direct appeal. *Daire v. Lattimore*, 812 F.3d 766, 767 (9th Cir. 2016); *Turner v. Calderon*, 281 F.3d 851, 872 (9th Cir. 2002). To succeed on his ineffective assistance of counsel claim, Petitioner must demonstrate that counsel's performance was both deficient and prejudicial to the defense. *See Strickland*, 466 U.S. at 687. Because both prongs of the *Strickland* test must be satisfied to establish a constitutional violation, a petitioner's failure to satisfy either prong requires the denial of the ineffectiveness claim. *See Strickland*, 466 U.S. at 697 (no need to address deficiency of performance if prejudice is examined first and found lacking); *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002) ("[f]ailure to satisfy either prong of the *Strickland* test obviates the need to consider the other"). Further, when *Strickland* is applied

in conjunction with the AEDPA standard of review, the Court's review of the state court's adjudication of the habeas petitioner's *Strickland* claim is "doubly deferential." *See Pinholster*, 563 U.S. at 190. "The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Richter*, 562 U.S. at 105.

"To establish deficient performance, a person challenging a conviction must show that 'counsel's representation fell below an objective standard of reasonableness.'" *Richter*, 562 U.S. at 104 (citation omitted). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *see also Pinholster*, 563 U.S. at 196. "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Richter*, 562 U.S. at 105. Notably, the failure to take a futile action or make a meritless argument can never constitute deficient performance. *See Rupe v. Wood*, 93 F.3d 1434, 1444-45 (9th Cir. 1996); *see also Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994) (counsel is not obligated to raise frivolous motions, and failure to do so cannot constitute ineffective assistance of counsel); *Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985) ("Failure to raise a meritless argument does not constitute ineffective assistance.").

To establish prejudice, a habeas petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112. The court must consider the totality of the evidence before the jury in determining whether a petitioner satisfied this standard. *Strickland*, 466 U.S. at 695.

//

//

11

The California Superior Court found that Petitioner's counsel at resentencing was not ineffective for failing to raise the claims in Grounds One and Two of the Petition because they were meritless. (Lodg. No. 12 at 2.) The same reasoning would apply to Petitioner's counsel on appeal of his resentencing. If they were meritless arguments, then counsel's failure to raise them was not deficient performance. *Boag*, 769 F.2d at 1344. Accordingly, the Court now examines the alleged sentencing errors to determine if it was reasonable for the state court to conclude they are meritless for purposes of deciding Petitioner's ineffective assistance of counsel claims.

At the resentencing hearing, Petitioner was sentenced to twenty-five years to life for Count One—first degree robbery—pursuant to California Penal Code §§ 667(b)-(i) and §§ 1170.12(a)-(e) based on the finding that Petitioner had two prior strike convictions. (Lodg. No. 8 at 6-7.) Petitioner received an additional five-year sentence term to be served consecutively pursuant to Penal Code § 667(a). (Lodg. No. 8 at 7.) Petitioner also received an additional one-year sentence term pursuant to Penal Code § 667.9(a). (*Id.*) Petitioner's total sentence for Count One is thirty-one years to life. (*Id.*) Petitioner's sentence for Count Two—first degree residential burglary—was stayed pursuant to Penal Code § 654. (*Id.*) Petitioner claims his counsel at resentencing (Ground Three) and his counsel on appeal of his resentencing (Ground Four) were both ineffective for failing to argue that his Ohio conviction only counted as one strike, not two (Petition Mem. at 20), and for failing to argue that the California Superior Court did not have jurisdiction to use his Ohio conviction to enhance his sentence (Petition Mem. at 22-24). The Court considers Grounds Three and Four together because they raise the same arguments and the analysis is the same regardless of whether counsel represented Petitioner at resentencing or on appeal of the resentencing.

//
//
//
//

### a. The California Superior Court had jurisdiction to enhance Petitioner's sentence based on his out-of-state conviction

The California Superior Court addressed the use of the Ohio conviction as a strike in California first: "[o]ffenses committed in other states have been held to be strikes in California if the crimes would be strikes under California law pursuant to Penal Code section 667(d)(2), and Penal Code section 1170.12(b)(2)." (Dkt. No. 12 at 2.) The California Superior Court did not cite to any case law for this proposition. Nonetheless, the California Supreme Court has held that Penal Code §§ 667(b)-(i) and §§ 1170.12(a)-(e) both can include out-of-state convictions when counting strikes to decide whether to apply the third strike penalty. *People v. Hazelton*, 14 Cal. 4th 101 (1996). Therefore, the Court finds the California Superior Court, whose decision was affirmed by the California Court of Appeal and the California Supreme Court, was correct and thus not unreasonable in finding Petitioner's Ohio conviction could qualify as a strike in California.

The use of an out-of-state conviction as a prior strike requires that the elements of the crime in the other state include all of the elements of the crime in California. Cal. Penal Code §§ 667(d)(2), 1170.12(b)(2). The California Supreme Court has explained that if a review of the elements does not end the inquiry, the trial court in deciding if the out-of-state conviction would qualify as a strike in California is "limited to identifying those facts that were established by virtue of the conviction itself—that is, facts the jury was necessarily required to find to render a guilty verdict, or that the defendant admitted as the factual basis for a guilty plea." *People v. Gallardo*, 4 Cal. 5th 120, 129, 134 (2017). Here, Petitioner's case was remanded on direct appeal for resentencing by the California Court of Appeal because his prior convictions were improperly counted for sentence enhancement purposes under California Penal Code § 667(a) because they were not brought and tried separately. (*See* Lodg. No. 7 (citing *In re Wiley*, 9 Cal. 4th 580, 583 (1995); *In re Harris*, 49 Cal. 3d 131, 136 (1989)); *see also* Lodg. No. 6.) Penal Code § 667(a) imposes a five-year sentence

enhancement for each prior strike "on charges brought and tried separately" to run consecutive to the sentence for the present conviction. Cal. Penal Code § 667(a).

During resentencing, the California Superior Court did not reanalyze the sufficiency of the Ohio convictions as priors in California. (*See* Lodg. No. 8.) When Petitioner appealed the sentence imposed at his resentencing hearing, the California Court of Appeal held that "no arguable issues exist." (Lodg. No. 10 at 2.) When denying Petitioner's second state habeas petition, the California Superior Court stated that Petitioner had not alleged that his Ohio convictions did not substantively qualify as strikes in California. (Lodg. No. 12 at 2.) Therefore, Petitioner's claims in Grounds Three and Four that his counsel was ineffective for failing to argue that the sentencing court did not have jurisdiction to use his Ohio convictions to enhance his sentence are without merit. The California courts clearly determined that California law provided a statutory basis to apply the Ohio convictions as strikes.[4] Thus, Counsel was not ineffective for failing to raise this meritless argument. *Boag*, 769 F.2d at 1344. Accordingly, Petitioner's claims of ineffective assistance of counsel as to this argument must be denied.

### b. The Three Strikes law does not require prior strikes to have been brought and tried separately

Turning now to Petitioner's argument that he should have been sentenced as a second strike offender consistent with the fact that his Ohio conviction only counted as one strike, Petitioner's argument is without merit. The California Superior Court cited to *People v. Fuhrman*, 16 Cal. 4th 930 (1997) and held Petitioner's argument was without merit because multiple counts in one case can serve as multiple strikes under the Three Strikes Law. (Lodg. No. 12 at 2.) Under Penal Code § 667(a), Petitioner's Ohio conviction only counted

---

[4] Even if the California courts erred in reaching this conclusion, as noted above, any error of California state law is not cognizable in federal habeas review. *Estelle v McGuire*, 502 U.S. at 67.

14

as one strike because § 667(a) requires the charges be "brought and tried separately," and Petitioner's three strikes were from three charges in one case (*see* Lodg. No. 2). This is why Petitioner's sentence was reduced by ten years on resentencing, two of the three five-year sentence enhancements were removed. (Lodg. No. 8.) However, Penal Code § 667(a) adds consecutive prison time to the sentence for the present conviction. Petitioner's sentence for his California conviction was based on the Three Strikes law found in Penal Code §§ 667(b)-(i) and §§ 1170.12(a)-(e). (Lodg. No. 8 at 6-7.) The California Supreme Court held the Three Strikes law did not require prior strike charges to be "brought and tried separately" as seen through the fact the drafters of the law included that language in § 667(a), which serves as a separate enhancement, but not in § 667(d). *Fuhrman*, 16 Cal. 4th at 939. Therefore, Petitioner's one Ohio conviction with multiple counts does qualify him as a multiple strike offender for purposes of his underlying conviction. Penal Code § 667(d) directs how to determine prior strike convictions. Penal Code § 667(e) imposes the sentence after determining the number of prior strike convictions exist.

Petitioner does not argue the sentence he received as a third strike offender was incorrect for a third strike offender, only that he should have been sentenced as a second strike offender. (Petition Mem. at 20-22.) As this argument is without merit, Petitioner's counsels' performance was not deficient for failing to raise the argument. *Boag*, 769 F.2d at 1344. Accordingly, Petitioner's claim of ineffective assistance of counsel for failing to raise this argument must be denied.

The California Superior Court found that counsel did not perform deficiently in the ways alleged in Grounds Three and Four and this finding is not objectively unreasonable or contrary to clearly established federal law. Therefore, both Grounds Three and Four fail on the merits and must be dismissed.

//
//

### III. Petitioner Is Not Entitled To An Evidentiary Hearing

Petitioner also seeks an evidentiary hearing. (Petition Mem. at 25.) However, the Court was able to resolve the merits of Petitioner's federal habeas claims solely by reference to the state court records. *See Gandarela v. Johnson*, 286 F.3d 1080, 1087 (9th Cir. 2001) (petitioner not entitled to evidentiary hearing because he failed to show "what more an evidentiary hearing might reveal of material import"). Further, the Court's ability to consider new evidence obtained through an evidentiary hearing is constrained by 28 U.S.C. § 2254(e)(2), and Petitioner has not satisfied this standard. 28 U.S.C. § 2254(e)(2); *see also Pinholster*, 563 U.S. at 186. For these reasons, Petitioner's request for an evidentiary hearing is be denied.

### CONCLUSION

For the foregoing reasons, IT IS ORDERED that: (1) the Petition is denied; and (2) Judgment shall be entered dismissing this action with prejudice.

DATE: October 1, 2018

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE